IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE: )
)
TAMMIE M. ALLEN and RONNIE C. )
ALLEN, ) Case No. 09-81847
) (Chapter 7)
Debtors. )
_____ )
)
FARMERS INSURANCE GROUP )
FEDERAL CREDIT UNION, )
)
Plaintiff, )
) Adversary Proceeding No. 10-08008
vs. )
)
TAMMIE M. ALLEN, )
)
Defendant. )
_____ )
)
TAMMIE M. ALLEN, )
)
Plaintiff on Counterclaim, )
)
vs. )
)
FARMERS INSURANCE GROUP )
FEDERAL CREDIT UNION, )
)
Defendant on Counterclaim. )

### ANSWER TO COMPLAINT TO OBJECT TO DISCHARGE AND TO EXCEPT DEBT FROM DISCHARGE AND DENY DISCHARGE AND COUNTERCLAIMS BY DEFENDANT AGAINST PLAINTIFF

Debtor/Defendant, Tammie M. Allen ("Defendant"), answers the Complaint to Object to Discharge and to Except Debt from Discharge and Deny Discharge filed by Farmers Insurance Group Federal Credit Union ("Plaintiff") as follows:

1. Defendant admits the allegations in ¶1 of the Complaint.

2. Defendant is without sufficient information to either admit or deny the allegations in ¶2 of the Complaint.

3. Defendant denies that she resides in Mayes County. Defendant resides in Wagoner County.

4. Defendant admits the allegations in ¶4 of the Complaint.

5. Defendant admits that she signed a promissory note with Plaintiff. Defendant denies that Plaintiff perfected a security interest in the 2004 Lexus. Defendant denies the balance of the allegations in ¶5 of the Complaint.

6. Defendant denies the allegations in ¶6 of the Complaint.

7. Defendant denies the allegations in ¶7 of the Complaint.

8. Paragraph 8 of the Complaint does not require a response.

### *Defenses and Affirmative Defenses*

9. The Complaint fails to state a claim on which relief can be granted.

10. Plaintiff has engaged in acts and tactics in bad faith and Plaintiff should be denied relief under the "unclean hands" doctrine.

11. Plaintiff failed to perfect a security interest in the asset.

12. The loan to Defendant was unsecured.

**WHEREFORE**, Defendant prays that Plaintiff's claims be denied that Defendant be awarded the costs of this action, including attorney fees, and that this Court grant Defendant such other relief as the Court deems appropriate in the circumstances.

### COUNTERCLAIMS

For her counterclaims against Plaintiff, Defendant states as follows:

1. On the day she filed her bankruptcy, October 28, 2009, Defendant had an unsecured loan with Plaintiff on which she owed a balance of approximately $6,000.00 as of the date she filed bankruptcy (the "unsecured loan").

2. Monthly payments on the unsecured loan were $161.00 and payments were made via "folio deduction" from Defendant's employment pay check. Payments on the alleged secured loan which is the subject of Plaintiff's Complaint in the amount of $390.00 per month were also made by "folio deduction". Defendant works for Farmers Insurance Group which is affiliated with Plaintiff.

3. By letter dated August 8, 2009, Defendant notified Plaintiff that Defendant would no longer allow the folio deductions from her pay check for either loan, and that all such deductions should cease immediately.

4. Plaintiff stopped deducting payments for the alleged secured loan which is the basis of its Complaint, but Plaintiff has continued to deduct payments for the unsecured loan. Plaintiff has deducted payments on the unsecured note after the bankruptcy for November and December, 2009 and January, February and March, 2010.

5. Such deductions were made despite the Notice of Bankruptcy and despite the certified mail request to cease said deductions.

6. Each deduction after October 28, 2009 is a willful violation of 11 U.S.C. §362.

7. Plaintiff has incurred damages and has had to incur legal expenses in an attempt to stop this willful and intentional violation of the automatic stay.

8. Upon information and belief, Plaintiff has continued to intentionally violate the automatic stay to pressure Defendant into capitulating to Plaintiff's demands for repayment of its loans.

9. This Court should assess punitive damages against Plaintiff in an amount high enough to send a message to Plaintiff and all bankruptcy creditors that this Court will not allow repeated and intentional violations of the automatic stay. Creditors cannot be allowed to violate the stay without severe sanctions or the stay becomes meaningless. Punitive damages should be assessed against Plaintiff in the amount of $10,000.00 for each violation.

**WHEREFORE**, Defendant prays that she have judgment against Plaintiff for her counterclaims in an amount of at least $10,000.00 for each stay violation, and that Defendant be awarded the costs of this action, including reasonable attorney fees for this willful and intentional violation of the automatic stay.

/s/ Paul R. Tom
Paul R. Tom, OBA #9049
2727 E. 21st Street, Suite 304
Tulsa, Oklahoma 74114
Ph: (918) 743-2000
Fx: (918) 749-8803
Attorney for Tammie M. Allen

4